**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| QUALITY CRAFT INDUSTRIES INC., a Washington Corporation, | Case No. |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| ALLTRADE TOOLS LLC, a California limited liability company, | |
| Defendant. | |

## COMPLAINT

Plaintiff Quality Craft Industries Inc. ("Plaintiff" or "Quality Craft"), by and through its undersigned counsel, brings this action against Defendant Alltrade Tools LLC ("Defendant" or "Alltrade") for trademark infringement, trade dress infringement, and unfair competition under the Lanham Act, trademark infringement under Missouri state law, and trademark infringement under the common law.

## NATURE OF ACTION

1.      This action arises from Alltrade's deliberate and willful infringement of Quality Craft's federal and common law trademark rights in a wedge-shaped, sloped-front toolbox. Alltrade's wedge-shaped, sloped-front toolbox design purposefully trades on the goodwill associated with Quality Craft's toolboxes, in violation of the Lanham Act, federal unfair competition and trade dress law, Missouri state trademark statutes, and the common law.

2.     Quality Craft seeks monetary and injunctive relief from Alltrade for its deliberate and willful violations of Quality Craft's rights under the Lanham Act, Missouri state law, and the common law.

## THE PARTIES

3.     Plaintiff Quality Craft is a Washington corporation with a principal United States place of business located at 1850 East Florida Street, Springfield, Missouri, 65803.

4.     On information and belief, Defendant Alltrade is a California limited liability company with a principal place of business located at 6122 Katella Ave., Cypress, California 90630.

## JURISDICTION AND VENUE

5.     Personal jurisdiction exists over Defendant because Defendant conducts business in the state of Missouri and in this judicial District.  On information and belief, Alltrade has purposefully directed activities at Missouri and at Quality Craft itself, as further described below, including offering for sale and entering contracts to sell the infringing goods in Missouri.  On information and belief, Alltrade has sold and plans to continue selling the infringing goods in the State of Missouri.

6.     Subject matter jurisdiction exists under 28 U.S.C. § 1331, as this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*.  Jurisdiction is also specially conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Jurisdiction over the Missouri state law and common law trademark claims exists pursuant to 28 U.S.C. § 1367 and 1338.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendant is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

8.     Since at least as early as 1980, Quality Craft, and its' predecessor-in-interest, Montezuma Manufacturing Inc. (collectively referred to as "Plaintiff" or "Quality Craft"), have manufactured and sold toolboxes featuring the iconic wedge-shaped, sloped-front design shown in United States Trademark Registration Number 3,930,484 (the "'484 Registration") (as depicted below, the "Montezuma toolbox").  In 2011, Quality Craft acquired the intellectual property rights associated with the Montezuma toolboxes, including the goodwill associated with the Montezuma toolbox product design, along with the '484 Registration.



9.     During the past 37 years of continuous and substantially exclusive use, Quality Craft's wedge-shaped toolbox product design has accumulated significant goodwill and acquired distinctiveness, such that consumers recognize a wedge-shaped, sloped-front toolbox as a Montezuma-branded toolbox.

10.     As a result, Plaintiff has accumulated significant common law trademark and trade dress rights associated with the wedge-shaped, sloped-front toolbox design.

11.     Plaintiff applied for federal trademark registration of the Montezuma toolbox design in 2009, and the United States Patent & Trademark Office ("USPTO") issued the '484 Registration in 2011.  A copy of the United States Certificate of Registration is attached hereto as Exhibit A.

12.     On April 11, 2017, the USPTO acknowledged Quality Craft's Combined Declaration of Use and Affidavit of Incontestability filed under Sections 8 & 15 of the Trademark Act, 15 U.S.C. §§ 1058, 1065, in connection with the '484 Registration, rendering the trademark registration incontestable as to certain challenges.

13.     Pursuant to 15 U.S.C. § 1115(b), to the extent the registration has become incontestable, the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce.

14.     The protected product design is depicted in the drawing contained in the '484 Registration, but is generally described in the '484 Registration as consisting of "the three-dimensional configuration of the goods, namely, toolboxes.  The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge shaped appearance. The broken lines depicting a latch on the upper surface of the sloped lid and a handle on the left side indicate elements that are not a part of the mark.  The lining in the mark is for shading purposes only and does not indicate color."  *See* Exhibit A.

15.     At all relevant times, Alltrade was aware of the Montezuma toolbox, the distinctive sloped-front and wedge shape of the Montezuma toolbox, and the federal trademark registration covering the Montezuma toolbox.

16.     Alltrade designed the Mastergrip toolbox to compete with the Montezuma toolbox, and the resulting design incorporates protected aspects of the Montezuma toolbox which are specifically designed to cause a likelihood of confusion.

17.     On information and belief, Alltrade began manufacturing, importing, and selling a sloped-front toolbox using the mark MASTERGRIP (as shown below, the "Mastergrip toolbox") sometime in early 2017.



18.     The top of the Mastergrip toolbox is roughly horizontal and it includes a sloped front, thereby creating a wedge-shaped toolbox. Despite minor differences, the Mastergrip toolbox clearly includes at least these protected aspects of Plaintiff's registered Montezuma toolbox product design. The overall appearance of the Mastergrip toolbox is highly similar to the Montezuma toolbox and is likely to cause confusion, mistake, or deception.

19.     On information and belief, Alltrade solicited and contracted with Quality Craft's largest client, Menard, Inc. ("Menard's"), with plans to begin selling the Mastergrip toolbox at a price point far below the Montezuma toolbox beginning on "black Friday," the Friday after Thanksgiving, November 24, 2017. Menard's is a big box chain hardware store consisting of over 300 stores primarily serving the Midwest market, including Missouri. Menard's is one of Quality Craft's largest retail customers for the Montezuma toolbox.

20.     By soliciting Quality Craft's clients and selling the highly similar Mastergrip toolbox side-by-side with the Montezuma toolbox in a retail store setting, Alltrade seeks to maximize the likelihood of confusion and to divert and capture sales that would otherwise have gone to Quality Craft.

21.     Alltrade's actions are designed to mislead and deceive consumers.  The Mastergrip toolbox design specifically trades on Quality Craft's accumulated goodwill in the Montezuma toolbox product design.  Alltrade's business activities are directed to creating a likelihood of confusion, then maximizing profit from the resulting likelihood of confusion.  As a result, Alltrade's infringement of Quality Craft's trademark rights has been and continues to be willful.

22.     On May 10, 2017, Quality Craft sent a cease-and-desist letter to Alltrade regarding the Mastergrip box, highlighting the potential for consumer confusion and for damage to Quality Craft's trademark rights, caused by the confusingly similar toolbox design and demanding that Alltrade cease production and sales of the Mastergrip toolbox.  A copy of the May 10 letter is attached hereto as Exhibit B.

23.     On June 15, 2017, Alltrade filed a Declaratory Judgment action against Quality Craft in the Central District of California.  A copy of the Declaratory Judgment Complaint is attached hereto as Exhibit C.  As of the filing of the present Complaint, the Declaratory Judgment Complaint in California has not been served.  The Central District of California does not have personal jurisdiction over Quality Craft for purposes of the Declaratory Judgment Complaint.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

24.     Quality Craft restates and realleges the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25.     Alltrade's Mastergrip toolbox design is confusingly similar to the Montezuma toolbox product design as shown in the '484 Registration.  Alltrade has caused, and will continue to cause, unless enjoined by this Court, a likelihood of confusion, mistake, and deception within the meaning of the Lanham Act, and amounts to trademark infringement within the meaning of 15 U.S.C. § 1114.

26.     Alltrade's unauthorized use of the Montezuma toolbox product design is likely to cause confusion, deception, or mistake as to origin of the Mastergrip toolbox, or the affiliation, connection, or association of the Mastergrip box to the damage and detriment of Quality Craft's reputation, goodwill and sales.

27.     Quality Craft's trademark rights are being irreparably damaged and will continue to be damaged, unless Alltrade is enjoined by this Court, by the presence of the infringing Mastergrip toolboxes in the marketplace, a harm which cannot be adequately remedied at law.

28.     Alltrade's actions intentionally seek to capture and trade off the goodwill associated with the Montezuma toolbox and amount to willful infringement, entitling Quality Craft to recover Alltrade's profits, lost profits, enhanced damages, costs and attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

29.     Quality Craft restates and realleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.     Alltrade's unauthorized use of the Montezuma toolbox product design is likely to cause confusion, deception, or mistake as to the affiliation, connection, or association of the Mastergrip box and constitutes unfair competition within the meaning of 15 U.S.C. § 1125(a).

31.     Alltrade's Mastergrip toolbox seeks to trade on the goodwill associated with the Montezuma toolbox design by falsely suggesting a connection with Quality Craft and the Montezuma toolbox.

32.     Quality Craft's trademark rights are being irreparably damaged by the presence of the infringing Mastergrip toolboxes in the marketplace, a harm which cannot be adequately remedied at law.

33.     Quality Craft's trademark rights are being irreparably damaged and will continue to be damaged, unless Alltrade is enjoined by this Court, by the presence of the infringing Mastergrip toolboxes in the marketplace, a harm which cannot be adequately remedied at law.

34.     Alltrade's actions intentionally seek to capture and trade off the goodwill associated with the Montezuma toolbox and amount to willful infringement, entitling Quality Craft to recover Alltrade's profits, lost profits, enhanced damages, costs and attorney's fees pursuant to 15 U.S.C. § 1117.

**COUNT III – TRADE DRESS INFRINGEMENT**
15 U.S.C. § 1125(a)

35.     Quality Craft restates and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forh herein.

36.     Alltrade's Mastergrip toolbox design is confusingly similar to the Montezuma toolbox product design as shown in the '484 Registration.  Alltrade has caused, and will continue to cause, unless enjoined by this Court, a likelihood of confusion, mistake, and deception within the meaning of the Lanham Act, and amounts to trade dress infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law.

37.     Quality Craft has no adequate remedy at law, and unless enjoined by this Court, Quality Craft's distinctive trade dress and reputation will continue to be seriously and irreparably damaged.

38.     Alltrade's actions intentionally seek to capture and trade off the goodwill associated with the Montezuma toolbox and amount to willful infringement, entitling Quality Craft to recover Alltrade's profits, lost profits, enhanced damages, costs and attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT III –TRADEMARK INFRINGEMENT UNDER MISSOURI STATE LAW
### Mo. Rev. Stat. Chapter 417.061

39.     Quality Craft restates and realleges the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     Quality Craft's iconic and distinctive wedge-shaped, sloped-front toolbox is a valid trademark at common law.  Through continuous use since at least as early as 1980, Quality Craft has accumulated significant and valuable goodwill in the Montezuma toolbox product design.

41.     Alltrade's unauthorized use of the Montezuma toolbox product design is likely to dilute the distinctive quality of Quality Craft's mark by falsely suggesting that the Mastergrip toolbox is associated with, connected with, or sponsored by Quality Craft.

42.     Alltrade manufactures and sells a lower quality product that damages Quality Craft's reputation for producing high-quality Montezuma toolboxes.

43.     Quality Craft has no adequate remedy at law, and unless enjoined by this Court, Quality Craft's distinctive trademark and reputation will continue to be seriously and irreparably damaged.

44.     Alltrade's actions intentionally seek to capture and pawn off the goodwill associated with the Montezuma toolbox and amount to willful infringement, entitling Quality Craft to recover Alltrade's profits, lost profits, enhanced damages, costs and attorney's fees.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

45.     Quality Craft restates and realleges the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46.     Quality Craft's iconic and distinctive wedge-shaped, sloped-front toolbox is a valid trademark at common law.  Through continuous use since at least as early as 1980, Quality Craft has accumulated significant and valuable goodwill in the Montezuma toolbox product design.

47.     Alltrade's Mastergrip toolbox design is confusingly similar to the Montezuma toolbox design and is likely to cause confusion as to the origin, sponsorship, or affiliation of the Mastergrip toolbox.

48.     The unauthorized use of the Montezuma product design allows Alltrade to trade on Quality Craft's goodwill and pass off its Mastergrip toolboxes to the public to the damage and detriment of Quality Craft.

49.     Quality Craft has no adequate remedy at law, and, unless enjoined by this Court, Quality Craft will continue to suffer irreparable damage to its goodwill, reputation, and trademark rights.

50.     Alltrade's actions in designing and selling the confusingly similar Mastergrip toolbox are specifically designed to capitalize on Quality Craft's accumulated goodwill, and amount to willful infringement of Quality Craft's common law trademark rights.

## PRAYER FOR RELIEF

WHEREFORE, Quality Craft prays this Court enter judgment its favor and enter an order against Alltrade as follows:

A.     An injunction prohibiting Alltrade and its agents, servants, employees, representatives, and all persons in active concert or participation with any of them, from:

  1)     Selling or offering to sell the infringing Mastergrip toolbox as depicted in this Complaint; and

  2)     Importing the infringing Mastergrip toolbox into the United States;

B.     An injunction requiring Alltrade to:

  1)     Recall all infringing Mastergrip toolboxes currently on sale in the United States; and

  2)     Remove all promotional material associated with the Mastergrip toolbox;

C.     Damages in favor of Quality Craft sufficient to compensate Quality Craft for damages sustained as a results of Alltrade's actions, including, but not limited to,

      1)     All profits received by Alltrade from sales and revenues deriving from the Mastergrip toolbox; and

      2)     Compensatory damages in an amount to be ascertained at trial;

D.     Compensation for any corrective advertising efforts Quality Craft must undertake to resolve consumer confusion created by the Mastergrip toolbox;

E.     An order stating that Alltrade's actions amounted to willful infringement, and an award of increased damages and/or all reasonable attorney's fees, costs, and disbursements incurred by Quality Craft as a result of this action;

F.     An order requiring that Alltrade pay prejudgment interest on all monetary awards; and

G.     Any other relief this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Quality Craft hereby demands a jury trial on all properly triable issues.


Dated:  August 18, 2017         By:     */s/John D. Garretson*
                      John D. Garretson, MO#64373
                      Clinton G. Newton, MO#46054
                      Patrick J. Koncel, MO#68755
                      **SHOOK, HARDY & BACON L.L.P.**
                      2555 Grand Blvd.
                      Kansas City, Missouri 64108
                      jgarretson@shb.com
                      cnewton@shb.com
                      pkoncel@shb.com

# Exhibit A

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,930,484**

**Registered Mar. 15, 2011**

MONTEZUMA MFG., INC. (KANSAS CORPORATION)
29502 12 ROAD
MONTEZUMA, KS 67867

**Int. Cl.: 6**

FOR: STEEL AND ALUMINUM TOOLBOXES, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

**TRADEMARK**

FIRST USE 1-1-1980; IN COMMERCE 4-1-1980.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF THE THREE-DIMENSIONAL CONFIGURATION OF THE GOODS, NAMELY, TOOLBOXES. THE TOOLBOXES HAVE A LID WITH A HORIZONTAL UPPER SURFACE AND SLOPED FRONT SURFACE, THEREBY CREATING A WEDGE SHAPED APPEARANCE. THE BROKEN LINES DEPICTING A LATCH ON THE UPPER SURFACE OF THE SLOPED LID AND A HANDLE ON THE LEFT SIDE INDICATE ELEMENTS THAT ARE NOT A PART OF THE MARK. THE LINING IN THE MARK IS FOR SHADING PURPOSES ONLY AND DOES NOT INDICATE COLOR.

SEC. 2(F).

SER. NO. 77-899,117, FILED 12-22-2009.

ESTHER BELENKER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# Exhibit B

May 10, 2017



***<u>VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>***

Clinton G. Newton

2555 Grand Blvd.
Kansas City, Missouri
64108-2613
**t** 816.474.6550
**dd** 816.559.2155
**f** 816.421.5547
cnewton@shb.com

Mr. Maynard Jenkens
President
Toolsmith Direct
6122 Katella Avenue
Cypress, CA 90630

Re:  Sales of Unlicensed Toolboxes Using Quality Craft's Registered Design
     SHB File No. QYCI.276345

Dear Mr. Jenkens:

Our firm has the pleasure of representing Quality Craft Industries Inc. ("QCI") in connection with their intellectual property matters. Our client is the successor in interest of the rights of Montezuma Mfg. Inc. ("Montezuma") in relation to toolboxes. Our client has worked hard to become a leader in the tool storage industry and takes great pride in the goodwill they have developed in the distinctive design of a wedge-shaped or sloped front toolbox. In an effort to maintain the strength of the valuable product design mark and to assure that this toolbox configuration is of high quality, our client regularly polices competitors' toolbox designs to see if any may be confusingly similar to the longstanding "Montezuma" design. Along those lines, our client has recently noticed some activities related to your company which raises some concerns.

Since at least as early as 1980, our client, or its predecessor in interest, has been using and offering for sale steel and aluminum toolboxes in a distinctive wedge-shaped or sloped-front design. Representative pictures of this design, which is now owned by QCI (the "QCI design) are below.



CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

8164417 v1

Case 6:17-cv-03263-BP   Document 1   Filed 08/18/17   Page 15 of 30


U.S. Customs and Border Protection (CBP), Intellectual Property Rights Branch and is checked by CBP Officers against shipments coming in to the U.S. at all 327 ports of entry. So, if you are importing toolboxes bearing the QCI/Montezuma design, those products should be detained.

Accordingly, we request that you provide us with written confirmation that you agree to promptly discontinue selling unauthorized and unlicensed tool storage items that incorporate QCI/Montezuma's unique wedge-shaped design. This written confirmation can be done by signing below and returning this letter to me.

We are hopeful that this matter can be resolved equitably and promptly. However, if we do not hear from you by **May 26, 2017**, we will assume that you have chosen to willfully disregard our client's rights and do not wish to amicably resolve this matter, in which case we will proceed accordingly to protect our client's rights.

Sincerely,

Clinton G. Newton

CGN/td

cc:     Dennis Hale – President, Quality Craft Industries Inc.

I agree to discontinue and/or refrain from using a wedge-shaped product design and to adopt an alternate and non-confusing product configuration to market any future goods.

_____

Name: Maynard Jenkens

Title: President, Toolsmith Direct

8164417 v1

**FROM** # WALZ

FORM #35663 VERSION: B02/16
U.S. PAT. NO. 5,501,393

9414 7266 9904 2070 2818 27

**Label #1**

MR. MAYNARD JENKENS
PRESIDENT
TOOLSMITH DIRECT
6122 KATELLA AVENUE
CYPRESS, CA 90630

**TO:** MR. MAYNARD JENKENS
PRESIDENT
TOOLSMITH DIRECT
6122 KATELLA AVENUE
CYPRESS, CA 90630

*— TEAR ALONG THIS LINE*

**SENDER:** CLINTON G. NEWTON
X11039
**REFERENCE:** QYCI.276345

**Label #2**

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | | |
|---|---|---|
| | Postage | |
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

**Label #3**

---

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**B** **Label #5**

MR. MAYNARD JENKENS
PRESIDENT
TOOLSMITH DIRECT
6122 KATELLA AVENUE
CYPRESS, CA 90630

**Label #4**

**Charge Amount:**

**Charge To:**

FOLD AND TEAR THIS WAY ⟶

**Label #6**



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

*CERTIFIED MAIL®*

9414 7266 9904 2070 2818 27

---

**C**

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

**2. Article Number**

9414 7266 9904 2070 2818 27

**3. Service Type** CERTIFIED MAIL®

**4. Restricted Delivery?** *(Extra Fee)* ☐ Yes

**1. Article Addressed to:**

MR. MAYNARD JENKENS
PRESIDENT
TOOLSMITH DIRECT
6122 KATELLA AVENUE
CYPRESS, CA 90630

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|

C. Signature
X ☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Thank you for using Return Receipt Service

PS Form 3811, January 2005          Domestic Return Receipt

# Exhibit C

Gary Anderson (State Bar No. 97385)
  ganderson@fulpat.com
David J. Pitman (State Bar No. 172944)
  dpitman@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6100 Center Drive, Suite 1200
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLTRADE TOOLS LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>QUALITY CRAFT INDUSTRIES INC. a Washington Corporation<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT, AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

Alltrade Tools LLC ("Alltrade" or "Plaintiff") seeks a declaratory judgment of non-infringement and invalidity of trademark against Quality Craft Industries Inc. ("QCI" or "Defendant"). Alltrade received a demand from QCI regarding alleged trademark interests over certain toolboxes. Alltrade seeks judgment in its favor as follows:

## PARTIES

1. Plaintiff Alltrade Tools LLC is a California limited liability company with its principal place of business at 6122 Katella Ave, Cypress, CA 90630.

2. Defendant QCI is a Washington Corporation having its principal place of business at 33 New Hope Road, Fordland, Missouri 65652.

**JURISDICTION AND VENUE**

3.     This Court has personal jurisdiction over QCI because QCI threatened Alltrade, located in this District, with litigation and thereby had a financial impact in this district.  On information and belief, QCI also conducts business within this jurisdiction sufficient to invoke the personal jurisdiction of this Court.

4.     This Court has subject matter jurisdiction under 15 U.S.C. §1051, et seq. as a declaratory judgment arising under the Trademark Act of 1964 (Lanham Act), Title 15 of the United States Code.

5.     Jurisdiction is also proper under 28 U.S.C. § 1332 as Alltrade asserts an amount in controversy exceeding $75,000 and there is complete diversity between Alltrade and QCI.

6.     Venue is proper in this district under 28 U.S.C. § 1391 because QCI regularly conducts business within this District and is subject to personal jurisdiction in this District.  Venue is also proper in this district under 28 U.S.C. §1391 because a substantial part of Alltrade's actions, which form the basis of QCI's threats underlying this Declaratory Judgment action, occurred in this judicial district.

**FACTS**

7.     This civil action seeks declaratory relief of non-liability under a registered trademark.  Alltrade manufactures and sells an item it designates the Mastergrip Toolbox (hereinafter "Mastergrip Toolbox").  At present, Alltrade sells Mastergrip Toolboxes to wholesalers and retailers.

8.     QCI also manufactures and sells toolboxes.  QCI  has asserted trademark ownership over a trademark that is a three dimensional shape for a toolbox that is sloped-front or wedge-shaped.

9.     On May 10, 2017, QCI sent Alltrade a cease and desist letter asserting that Alltrade  infringed U.S. Trademark Registration No. 3,930,484, and demanding that Alltrade cease and desist manufacturing, offering for sale, selling and

ORIGINAL COMPLAINT                                              2

1  distributing its Mastergrip Toolbox.  See Exhibit A.

2  10.  Trademark Registration No. 3,930,484 (the "`484 Trademark") was

3  originally prosecuted before the United States Patent and Trademark Office

4  ("USPTO") by Montezuma Manufacturing Inc. ("Montezuma") and was initially

5  registered to Montezuma.  See Exhibit B.

6  11.  On information and belief, QCI is the current owner of U.S.  The `484

7  Trademark was subsequently assigned to QCI which is now current owner thereof,

8  and the successor in interest to the rights and obligations of Montezuma in relation

9  to toolboxes.   See Exhbit A, first paragraph.

10  12.  Because QCI now stands in the shoes of Montezuma in all aspects that

11  are relevant to this case, the combined actions taken by Montezuma and by QCI and

12  their representatives will be collectively referred to herein as the actions of QCI and

13  its representatives.

14  <u>Invalidity of Trademark for being directed at Functional Subject Matter</u>

15  13.  As stated in Exhibit B, the mark claimed in the `484 Trademark is

16  described as:

17  *"The mark consists of the three-dimensional configuration of the goods,*

18  *namely toolboxes.  The toolboxes have a lid with a horizontal upper surface and*

19  *sloped front surface, thereby creating a wedge-shaped appearance."*

20  14.  As further set forth in Exhibit B, the product configuration of the

21  `484 Trademark is illustrated as follows:

22

23

24  

25

26

27

28  15.  The `484 Trademark is directed to subject matter that is functional, and

1 | is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C.
2 | 1052(e)(5).

3 | 16. The configuration of Alltrades Mastergrip Toolbox is functional
4 | because it is essential to the use of Alltrade's goods and affects the cost and/or
5 | quality of Alltrade's goods; Alltrade will be at a competitive disadvantage if it is
6 | precluded from using the configuration it has presently selected.

7 | 17. The product configuration of the `484 Trademark is functional because
8 | the wedge shape of the toolbox produces tool compartments (A, B, C) of increasing
9 | volume as one moves down the box. This allows tools to be stored in an
10 | appropriately sized compartment so that if the toolbox is tilted or overturned, tools
11 | remain in their respective compartments. Further, the sloped lid and sides allow
12 | each compartment and its contents to be visible from the front and above the
13 | toolbox.



20 | 18. The functional nature of QCI's product design is further demonstrated
21 | by QCI's four utility patents: U.S. Patent No. 7,510,078 (the '078 Patent); U.S.
22 | Patent No. 5,456,358 (the '358 Patent); U.S. Patent No. 4,389,077 (the '077
23 | Patent); and U.S. Patent No. 4,266,835 (the '835 Patent, now expired). The '078
24 | Patent, the '358 Patent, the '077 Patent and the '835 Patent are attached herewith as
25 | Exhibits C, D, E and F, respectively. These four utility patents disclose a toolbox
26 | that have a lid or cover with a horizontal upper surface and sloped front surface,
27 | thereby creating a wedge shaped appearance. Also, the claims of the '078 Patent

28 |

ORIGINAL COMPLAINT 4

1   and the '358 Patent recite a toolbox comprising a cover having a horizontal section

2   and a slanted section sloping downwardly from the horizontal section.

3         19.    The disclosure of the '078 Patent teaches the functional advantages of

4   QCI's product design.  Specifically, the Summary of the Invention section of the

5   '078 Patent states, among others:

6         •    *It is a further object of the present invention to allow for maximum*

7             *visibility of the tools in the box….*

8         •    *It is a further object of the present invention to permit the secure*

9             *storing of tools at locations in the tool box that are not adjacent the*

10            *tool box cover, but that are still highly visible within the box……..*

11        •    *According to the present invention, the foregoing and other objects are*

12            *obtained by a tool box having a bottom portion, a pair of side portions,*

13            *a back portion, and a front portion……The cover has a horizontal*

14            *section which, when the cover is in a closed position, engages the*

15            *upper horizontal edges of the side portions.  The cover also has a*

16            *slanted section sloping downwardly from the horizontal section which,*

17            *when the cover is in a closed position engages the slanted edges of the*

18            *side portions.*

19       20.    The patented features set forth in Claims 1 and 13 of the '078 Patent

20  and in Claim 1  of the '358 Patent correspond to the features described in QCI's

21  application for federal trademark registration, as indicated in the table below

22

23

24

25

26

27

28

| OCI's Federal `484 Trademark Registration | The '078 Patent | The '358 Patent |
|---|---|---|
| "The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge-shaped appearance." | Claim 1: "A tool box for securing in place tools with apertures therein, comprising:.....said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section...."<br><br>Claim 13: "A tool box for securing in place tools with apertures therein, comprising:.....said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section...." | Claim 1: "A tool box for securing in place tools with apertures therein, comprising:.....said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section...." |

21.     Thus, the language of the claims defines the features described in QCI's application for federal trademark registration.

22.     During prosecution of the `484 Trademark, QCI sought to avoid these clear implications by arguing that the narrowing patent claim elements of the claimed inventions must be present in the trademark before the wedge shape of the product design is functional, and that, because the `484 Trademark shape does not include these narrowing patent claim elements, it is not functional.

23.     QCI's own admission, however, betrays this position, as set forth below.

Fraud Committed During Prosecution of the `484 Trademark

24.     During QCI's prosecution of the `835 Patent, QCI filed the patent application that resulted in the `835 patent with an original claim 1 (Exhibit G) reciting:

*"A compact position lock tool box, comprising in combination, a case and cover pivotally connected by hinges said case comprising a pair of triangular side walls, a low front wall, a bottom wall and rear wall, and said cover resting in inclined position on an upper edge of said case."*

25.     An image of the tool box that is provided by the `835 patent as exemplifying the above language of initial claim 1 is provided here below.  This shape represents the inventor's best mode of initial claim 1.



26.     By filing the initial claim 1 in the `835 patent application, QCI made the necessarily implied assertion that the shape as exemplified above was functional, or useful.  35 U.S.C.  §101 (a patent claim must be new and useful).  The examiner rejected initial claim 1 as lacking <u>novelty</u> over the prior art, and did <u>not</u> reject the claim as being not useful, or nonfunctional.

27.     The shape described by the initial claim 1 is precisely the same shape that QCI now asserts as being infringed under the `484 Trademark.  See paragraph 14 above.

28.     During prosecution of  the `484 Trademark (Office Action dated March 25, 2010, see Exhibit H) the trademark examiner expressly instructed QCI's legal representative to provide

*"[a] written statement as to whether the applied-for mark is or has been the subject of a design or utility patent application, including expired patents and abandoned patent applications.   Applicant must also provide copies of the patent and/or patent application documentation."*

1       and also

2           *"the applicant is requested to submit complete copies of the patents, as*

3       *well as any others that may be relevant."*

4       29.     Thus, QCI was under an express obligation to produce a copy of all

5   patent application documentation under which QCI had made assertions to the

6   USPTO about the functionality of the claimed structures in order to gain allowance

7   of the patent claims.

8       30.     However, although QCI provided to the trademark examiner copies of

9   four patents which were directed to wedge shaped toolboxes, in violation of that

10  obligation, QCI's representative failed to provide the file wrapper of, at a minimum,

11  the `835 patent, in which QCI had previously made the necessarily implied assertion

12  to the USPTO that the shape of the trademark being claimed was functional.

13      31.     Instead, QCI's legal representative argued that the shape of the

14  trademark was not functional.  By engaging in this omission, QCI gained allowance

15  of the `484 Trademark.

16      32.     But for the omission by QCI's legal representative, the trademark

17  examiner would not have allowed the `484 Trademark to issue.

18      33.     On information and belief, QCI's legal representative was at all

19  material times aware of his obligation to disclose QCI's admission.

20      34.     Additionally, even if QCI's representative was not aware during

21  prosecution of the `484 Trademark that he was under an obligation to disclose QCI's

22  admission (which he was), QCI is now on notice of its own admission of what is an

23  obvious fact.  QCI is therefore now aware that it is under an obligation to refrain

24  from maintaining the `484 Trademark against Alltrade in the knowledge that the

25  `484 Trademark is invalid for being directed to functional subject matter.

26      35.     QCI is today in the position that, having failed to obtain the initial

27  utility patent claim 1 (Exhibit G) while prosecuting the application that led to the

28  `835 patent in 1979, it now seeks through fraudulent means to obtain the same

ORIGINAL COMPLAINT                                8

1  benefit of that patent claim in perpetuity - in the guise of the `484 Trademark

2

3      <u>Non Infringement</u>

4      36.    Despite Alltrade's right to practice the best mode of the `835 patent,

5  Alltrade has produced the Mastergrip Toolbox to be substantially different in shape

6  than FIG. 1 of the `835 patent and of the `484 Trademark.  An image of the

7  Mastergrip Toolbox is shown here:

 

16     37.    The shape of the Mastergrip Toolbox is not even wedge shaped, but has

17  the overall shape of a stepped-pyramid.

18     38.    Further, it does not have a horizontal upper surface, but one that is

19  substantially sloped.

20     39.    Accordingly, there is no likelihood of confusion between Alltrade's

21  product and QCI's product and Alltrade has not infringed the `484 Trademark, even

22  if the `484 Trademark were found to be valid (which it is not).

23     <u>Threat of lawsuit creating case or controversy</u>

24     40.    Alltrade understands QCI's May 10, 2017 letter (Exhibit A) to mean

25  that QCI intends to file a complaint against Alltrade in federal court and may at any

26  time initiate a trademark infringement action against Alltrade;  thus Alltrade has a

27  reasonable apprehension of such suit if it does not cease and desist from selling its

28  Mastergrip Toolboxes.

ORIGINAL COMPLAINT                              9

41.     In the current controversy, QCI has threatened Alltrade and has demanded Alltrade cease offering Mastergrip Toolboxes for sale.

42.     Alltrade has a well grounded belief that its Mastergrip Toolbox does not infringe any valid trademark or trade dress belonging to QCI.  Alltrade seeks to continue offering Mastergrip Toolboxes for sale and distribution without the threat of litigation.

43.     Considering the circumstances, there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment.  Alltrade has and continues to invest resources in its product lines and the marketing thereof that would be significantly and detrimentally affected if QCI is successful in an infringement action.  Alltrade should be free to offer its goods for sale without concern over threats from QCI or pending litigation that may affect investment decisions it might make to further its business.

## CAUSES OF ACTION

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY

44.     Alltrade hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

45.     The product design of the `484 Trademark is functional and is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. § 1052(e)(5).

46.     Thus the Court should declare the invalidity of U.S. Trademark Registration No. 3,930,484.

## COUNT II

### CANCELATION OF REGISTRATION BASED ON UNPROTECTABLE SUBJECT MATTER

47. Alltrade hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

48. Under 15 U.S.C. § 1119, in any action involving a registered mark, this Court may determine the right to registration and order the cancelation of registrations.

49. The product design of the `484 Trademark is functional and is not protectable as a trademark and/or trade dress.

50. Thus the Court should declare cancelation of U.S. Trademark Registration No. 3,930,484.

## COUNT III

### DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT

51. Alltrade hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

52. Alltrade's offer for sale and sale of its Mastergrip Toolbox is not likely to cause confusion with any of the product designs of the `484 Trademark under the requirements of 15 U.S.C. § 1125(a) or 15 U.S.C. § 1114.

53. Alltrade is thus entitled to a declaration that the Mastergrip Toolbox does not infringe any trademark or trade dress of QCI, and that the manufacture, sale and marketing of Mastergrip Toolboxes does not and will not infringe upon any intellectual property rights of QCI.

**PRAYER FOR RELIEF WHEREFORE,** Alltrade prays that this Court enter judgment as follows:

A. A declaration that the Mastergrip Toolbox does not infringe upon QCI's

ORIGINAL COMPLAINT 11

1  trademark

2  B.     A declaration that QCI's product design is functional and that QCI's U.S.

3  Trademark Registration No. 3,930,484 is therefore invalid as being not protectable

4  under Section 2(e)(5) of the Trademark Act, 15 U.S.C. 1052(e)(5);

5  C.     An order canceling QCI's U.S. Trademark Registration No. 3,930,484;

6  D.     A finding that this is an exceptional case;

7  E.     Granting Alltrade all monetary relief appropriate, including attorneys' fees

8  and costs incurred in this action;

9  F.     Granting Alltrade further relief, either in equity or at law, as the Court deems

10  appropriate; and

11

12                      **DEMAND FOR JURY TRIAL**

13         Plaintiff Alltrade demands a jury trial on all matters so triable.

14  DATED:  June 15, 2017              Respectfully submitted,

15                                     FULWIDER PATTON LLP

16

17

18                             By: _____

19                                  David J. Pitman
                                    Attorneys for
20                                  Plaintiff, Alltrade Tools LLC

21

22

23

24

25

26

27

28