**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

QUALITY CRAFT INDUSTRIES INC.,
    a Washington Corporation,

        Plaintiff / Counter-Defendant,

           vs.

ALLTRADE TOOLS LLC,
    a California limited liability company,

        Defendant / Counterclaimant.

Case No.  6:17-cv-03263-BP

**Jury Trial Demanded**

**ALLTRADE TOOLS LLC'S ANSWER, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**

      Defendant, Alltrade Tools LLC ("Alltrade"), by and through its attorneys, for its Answer and

Affirmative Defenses to the Complaint of Plaintiff, Quality Craft Industries Inc. ("Quality Craft"),

states as follows:

      In response to the initial, unnumbered paragraph of the Complaint, Alltrade does not interpret

that paragraph to contain any allegations intended as a substantive part of the Complaint and, in any

event, it sets forth legal conclusions to which no response is necessary. To the extent a response is

required, Alltrade admits that Quality Craft has filed this action and asserted counts in its Complaint

that correlate with the listed claims, but denies any and all remaining allegations in this paragraph.

Without limitation to the foregoing, Alltrade denies any all allegations, express or implied, that

Quality Craft has properly filed this action or that Quality Craft has asserted any viable, appropriate,

or sustainable claims or prayers for relief against Alltrade.

1

1.      Alltrade denies each and every allegation of Paragraph 1 of the Complaint.

2.      Alltrade admits that Quality Craft seeks certain relief by the instant Complaint. Alltrade denies the remaining allegations of Paragraph 2 of the Complaint.

3.      Alltrade admits the allegations of Paragraph 3 of the Complaint.

4.      Alltrade admits the allegations of paragraph 4 of the Complaint.

5.      Alltrade admits jurisdiction and that it plans to continue selling its goods in the State of Missouri. Alltrade denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Alltrade admits the allegations of Paragraph 6 of the Complaint.

7.      Alltrade admits the allegations of Paragraph 7 of the Complaint.

**FACTS**

8.      Alltrade admits that U.S. Trademark Registration No. 3,930,484 (also referred to herein as "the '484 Registration") was issued. Alltrade is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies those allegations.

9.      Alltrade is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies those allegations.

10.      Alltrade is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies those allegations.

11.      Alltrade admits that the '484 Registration was issued in the form of Exhibit A to the Complaint. Alltrade is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore denies those allegations.

12.      Paragraph 12 sets forth legal conclusions to which no response is necessary. Alltrade is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13.     Paragraph 13 sets forth legal conclusions to which no response is necessary. To the extent a response is required, Alltrade denies each and every allegation in Paragraph 13.

14.     Alltrade admits that U.S. Trademark Registration No. 3,930,484 was issued in the form of Exhibit A to the Complaint. Alltrade is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15.     Alltrade admits it was aware of the Montezuma toolbox. Alltrade admits it was aware of the '484 Registration. Alltrade denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Alltrade admits that it designed the Mastergrip toolbox. Alltrade denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Alltrade admits that in 2017 it started selling a toolbox using MASTERGRIP as a trademark. Alltrade denies all other allegations of Paragraph 17 of the Complaint.

18.     Alltrade denies each and every allegation of Paragraph 18 of the Complaint.

19.     Alltrade admits that it has communicated with Menard's regarding the Toolbox. Alltrade denies that it has contracted with Menard's regarding the Toolbox. Alltrade is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies those allegations.

20.     Alltrade denies each and every allegation of Paragraph 20 of the Complaint.

21.     Alltrade denies each and every allegation of Paragraph 21 of the Complaint.

22.     Alltrade admits it received a letter in the form of Exhibit B to the Complaint. Alltrade denies the remaining allegations of Paragraph 22 of the Complaint.

23.     Alltrade admits that it filed a Declaratory Judgment action in the form of Exhibit C to the Complaint. Alltrade admits that it has not served the Complaint in this action. Alltrade denies the remaining allegations of paragraph 23.

## ANSWER TO COUNT I

24.     Alltrade re-alleges and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint, inclusive, as though fully set forth herein.

25.     Alltrade denies each and every allegation of Paragraph 25 of the Complaint.

26.     Alltrade admits that Quality Craft did not authorize Alltrade's tool boxes but denies that Alltrade needed Quality Craft's authorization. Alltrade denies the remaining allegations of Paragraph 26 of the Complaint.

27.     Alltrade denies each and every allegation of Paragraph 27 of the Complaint.

28.     Alltrade denies each and every allegation of Paragraph 28 of the Complaint.

## ANSWER TO COUNT II

29.     Alltrade re-alleges and incorporates by reference its responses to paragraphs 1 through 28 of the Complaint, inclusive, as though fully set forth herein.

30.     Alltrade admits that Quality Craft did not authorize Alltrade's tool boxes but denies that Alltrade needed Quality Craft's authorization. Alltrade denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Alltrade denies each and every allegation of Paragraph 31 of the Complaint.

32.     Alltrade denies each and every allegation of Paragraph 32 of the Complaint.

33.     Alltrade denies each and every allegation of Paragraph 33 of the Complaint.

34.     Alltrade denies each and every allegation of Paragraph 34 of the Complaint.

4

## ANSWER TO COUNT III

35.     Alltrade re-alleges and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint, inclusive, as though fully set forth herein.

36.     Alltrade denies each and every allegation of Paragraph 36 of the Complaint.

37.     Alltrade denies each and every allegation of Paragraph 37 of the Complaint.

38.     Alltrade denies each and every allegation of Paragraph 38 of the Complaint.

## ANSWER TO COUNT III [SIC: IV?]

39.     Alltrade re-alleges and incorporates by reference its responses to paragraphs 1 through 38 of the Complaint, inclusive, as though fully set forth herein.

40.     Alltrade denies each and every allegation of Paragraph 40 of the Complaint.

41.     Alltrade admits that Quality Craft did not authorize Alltrade's tool boxes but denies that Alltrade needed Quality Craft's authorization. Alltrade denies the remaining allegations of Paragraph 41 of the Complaint.

42.     Alltrade denies each and every allegation of Paragraph 42 of the Complaint.

43.     Alltrade denies each and every allegation of Paragraph 43 of the Complaint.

44.     Alltrade denies each and every allegation of Paragraph 44 of the Complaint.

## ANSWER TO COUNT IV [SIC:V?]

45.     Alltrade re-alleges and incorporates by reference its responses to paragraphs 1 through 44 of the Complaint, inclusive, as though fully set forth herein.

46.     Alltrade denies each and every allegation of Paragraph 46 of the Complaint.

47.     Alltrade denies each and every allegation of Paragraph 47 of the Complaint.

48.     Alltrade admits that Quality Craft did not authorize Alltrade's tool boxes but denies that Alltrade needed Quality Craft's authorization. Alltrade denies the remaining allegations of Paragraph 48 of the Complaint.

49.     Alltrade denies each and every allegation of Paragraph 49 of the Complaint.

50.     Alltrade denies each and every allegation of Paragraph 50 of the Complaint.

## <u>AFFIRMATIVE AND OTHER PLEADED DEFENSES</u>

In addition to the denials set forth above, Alltrade asserts the following affirmative and other defenses. In pleading these defenses and avoidances, Alltrade does not admit that they bear the burden of proof, production or persuasion on such defenses. Further, Alltrade reserves the right to amend its Answer, to add, delete, and amend defenses as may become necessary, appropriate, or available after reasonable opportunity for investigation and discovery.

1.     The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

2.     The Complaint is barred, in whole or in part, because Plaintiff's claimed trademark is functional.

3.     The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4.     The Complaint is barred, in whole or in part, based on fraud committed during prosecution of the application that resulted in the asserted trademark.

5.     The Complaint is barred, in whole or in part, by the doctrine of prosecution history estoppel, and disclaimer.

6.     Defendants reserve the right to assert additional affirmative defenses as they become known through the course of litigation.

**WHEREFORE**, Plaintiffs' Complaint should be dismissed with prejudice and Defendants should be awarded its attorneys' fees, costs, and such other relief as this Court deems just and proper.

6

## ALLTRADE'S COUNTERCLAIMS

Counterclaimant, Alltrade Tools LLC ("Alltrade"), for its counterclaims ("Counterclaims") against Counter-Defendant, Quality Craft Industries ("Quality Craft"), alleges as follows:

### PARTIES

1.     Alltrade is a California limited liability company with its principal place of business at 6122 Katella Ave, Cypress, California 90630.

2.     Quality Craft is a Washington corporation with a principal United States place of business located at 1850 East Florida Street, Springfield, Missouri, 65803.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and/or 2202 and Rule 13 of the Federal Rules of Civil Procedure.

4.     By filing its Complaint, and prosecuting its action in this Court, Quality Craft has consented to the personal jurisdiction of this Court.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

### ALLTRADE'S TOOLBOX

#### The Shape of the Accused Toolbox is Functional

6.     The configuration of Alltrade's Mastergrip Toolbox ("the Toolbox") is functional because it is essential to the use of Alltrade's goods.

7.     The configuration of the Toolbox is functional because the configuration affects the cost and/or quality of Alltrade's goods.

8.     Alltrade will be at a non-reputation-related disadvantage if it is precluded from using the configuration it has presently selected.

9.     The Toolbox is designed to organize and store tools in a toolbox in such a way as to maximize the visibility and accessibility of the tools to a user.

7

10.    The internal structure of the Toolbox allows the tools to be organized in a "tiered" arrangement, with the long tools suspended with elongate axis held vertically, and visible in a row at the back and at the top, with the short tools held vertically and visible in a row to the front and at the bottom, and medium length tools held vertically, and visible in a row (or more than one row) in the middle between the back and the front.

11.    The user does not necessarily see the whole of each tool in the stored condition, but s/he is able to see enough of each tool to confirm that the tool is present, and to identify it.

12.    For example, the user sees only an upper portion of the long tools suspended from hooks on the wall at the back, while the tool itself may extend all the way to the bottom of the Toolbox, yet its lower part may not be visible behind other tools in front of it.

13.    This "tiered" tool organization in the Toolbox follows the highly logical and well-known method of organization that is commonly used for organizing multiple elongate objects to maximize visibility; for example, in photographs of large groups of people, the well known method is carried out by placing all the tall people in a row at the back (possibly standing on a long bench), all the short people in a row at the front (possibly sitting or kneeling), and all the middle length people in a row, or rows, in between the rear and the front.

14.    In such photographs, it is not necessary that the whole body of each person must be visible, just that the head of each person must be visible in order to give a viewer sufficient view of each person to confirm their presence and to identify them.

15.    The resulting arrangement allows for maximum visibility and also provides a compact arrangement in which many people can be included in a single compact photograph.

16.    A pictorial example of the foregoing principle of organization is demonstrated by the photograph below:

8



17.     Alltrade's Toolbox follows the same principle of organization, as is demonstrated by the photograph of the Toolbox below, open to show tool storage. As can be seen, the upper portion of substantially each tool lies in a sloping plane, from the back at the top to the front at the bottom.



18.     This functional feature of the Toolbox, following the stated principle of organization, provides the enormous advantages of:

9

i.     organizing an efficient use of space, in which the tools are compactly stored in a toolbox of compact dimensions, so as to maximize the visibility of the tools when the lid is open;

ii.     allowing a user to quickly take an inventory of the tools at a glance to see if any are missing; and

iii.     organizing all the tools such that they are placed at the fingertips of a user who may quickly remove and use a tool of his choice, and then replace it in the correct position.

19.     Once the tools are compactly and visibly organized in the Toolbox according to the advantageous configuration described above, in which the upper portion of substantially each tool lies in a sloping plane, from the back at the top to the front at the bottom, the shape of the hinged Toolbox lid has the useful function of trapping the tools in their stored position in the event that the Toolbox is overturned.

20.     The shape of the hinged Toolbox lid is dictated by its contents because it necessarily slopes forwardly from the back at the top to the front at the bottom, substantially in a single plane, so as to contact the uppermost point of each tool and to trap or lock it in its position.

21.     A further useful feature of the Toolbox is that, conforming with the tiered system of storing tools for maximum visibility, it has tiered compartments which display tools (that are not suspended on pegs) in such a way that the tools in the compartments are highly visible, both from above and from the front side. The tiered compartments are also conveniently sealed off by the sloping lid so that tools do not spill out of the compartments if the box is overturned.

10

22.     Yet a further useful feature of the Toolbox is that the sloping lid has flanges that fold away from the substantial plane of the lid at four edges of the lid. These flanges impart a rigidity to the lid, without which the lid would unacceptably bend, thereby impairing its locking function.

23.     A further useful feature of the lid is provided by the fact that a few inches from the top and back end of the lid, the lid is folded out of plane, along a single line, towards a hinge at the back wall.

24.     Among other advantages, this fold in the lid eliminates an unacceptable consequence that would otherwise emerge without the fold, namely, that the vertical back wall of the Toolbox and the sloping lid of the box would intersect at a sharp point extending along the top edge of the box.

25.     This elongate extending point would introduce a dangerous condition for users when the toolbox is placed on the floor of a workshop or on the back of a truck: effectively, an upturned sharp edge or blade would be positioned where users and others could fall onto the blade.

26.     The elimination of such a blade is essential to the safe use of the Toolbox, and simply bending the lid out of plane along a single line below the top, as done with the Toolbox, is the simplest and cheapest way of executing this functional requirement.

27.     While the lid of the Toolbox as it slopes downwardly and frontwardly is substantially flat, it was manufactured by Alltrade to have a small but noticeable kink in the middle.

28.     Any lid on the Toolbox that is not substantially flat as it descends from the rear at the top towards the front at the bottom attracts significant extra costs of manufacture.

29.     Thus, the manufacturing cost to Alltrade of introducing the kink in the middle of the otherwise flat Toolbox lid added a substantial financial sum to the cost of manufacturing the Toolbox.

11

30.     Any further departures of the lid's shape from being substantially flat (in addition to the kink already present) should such be introduced, would attract even more prohibitive costs to Alltrade of manufacturing the Toolbox.

31.     Accordingly, the internal structure, and also the mating external structure, of the Toolbox are both *de jure* functional.

<u>**Quality Craft's Patents**</u>

32.     For the last 38 years right through to the present day, Quality Craft has enjoyed the benefit of four utility patents ("the four utility patents") each of which describe a tiered structural tool arrangement and its functional advantages. One of these patents is still current, expiring in 2024.

U.S. Patent No. 4,266,835 ("the '835 Patent," now expired). (Exhibit A hereto.)

U.S. Patent No. 4,389,077 ("the '077 Patent," now expired); (Exhibit B hereto.)

U.S. Patent No. 5,456,358 ("the '358 Patent," now expired); (Exhibit C hereto.)

U.S. Patent No. 7,510,078 ("the '078 Patent," expiring 9/30/2024); (Exhibit D hereto.)

33.     Each of the four utility patents discloses, and claims, a system for storing tools in a tiered arrangement, in which longer tools may be held vertically and visible at the back on the top, and smaller tools are vertical and visible at the front on the bottom. For example, the figures below (FIG. 6 from the '358 patent, FIG. 3 from the '835 patent, and FIG. 1 from the '078 patent) each show boxes designed to provide such a tiered tool storage arrangement.



12

34. The disclosures of the four utility patents emphasize the functional objectives of the toolbox shape:

- *"to allow for maximum visibility of the tools in the box."*
  *('358 patent col. 1:67–col. 2:1)*

- *"the tool box . . . allows great visibility of tools contained in the box."*
  *('358 patent col. 1:43–46)*

- *"should allow visibility of the tools in their appropriate locations such that the tools can be easily found by the tool box user when the box cover is open."*
  *('078 patent col. 1:33–36)*

- to *"allow[ ] great visibility of tools contained in the box." ('078 patent col. 1:46–47)*

- *"to allow for maximum visibility of the tools in the box." ('078 patent, col. 1:60–61)*

- *"the cover in a closed position preventing the tools from falling out of the compartments, off the hooks and out of the shelf holes in case the chest is overturned." ('835 patent, abstract)*

35. The patents further clearly state that these objectives are obtained by a toolbox having a structure including:

- *"a bottom portion, a pair of side portions, a back portion, and a front portion.*

- *The side portions each have an upper horizontal edge and a slanted edge extending forwardly and downwardly toward the front of the box.*

- *A cover is rotatably mounted at a location adjacent an upper edge of the back portion.*

- *The cover has a horizontal section which, when the cover is in a closed position, engages the upper horizontal edges of the side portions.*

- *The cover also has a slanted section sloping downwardly from the horizontal section which, when the cover is in a closed position, engages the slanted edges of the side portions."*

  *('078 patent, col. 2:12–32.)*

36. Each one of the four utility patents also includes a claim in which the triangular shape of the toolbox is expressly set forth as a limitation.

13

## Quality Craft's Own Toolboxes

37.     Quality Craft manufactures a number of portable toolboxes under the brand "Montezuma."

38.     Each of these Montezuma toolboxes uses precisely the same well known logical principle of tiered organization.

39.     The tiered arrangement of a typical Montezuma toolbox (here, its 30" box) is shown in the image below.



40.     Quality Craft has consistently advertised and promoted its toolboxes, covered by the claims of its patents, in terms including the following:

- *". . . This toolbox not only gives you a place to put your tools but organizes your tools. We are not giving you a big vast empty drawer to put tools in we are giving you the most innovative method for organizing tools in the industry today. . . . ."*

- *"Tool inventory at a glance"*

14

- *"Places tools at one's fingertips."*

- *"Lid secures tools in position when closed"*

## The '484 Registration

41.  U.S. Trademark Registration No. 3,930,484 is depicted below.



42.  U.S. Trademark Registration No. 3,930,484 is described as:

*"The mark consists of the three-dimensional configuration of the goods, namely toolboxes. The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge-shaped appearance."*

43.  U.S. Trademark Registration No. 3,930,484 Describes the external shape of, (i) Quality Craft's useful Products, and (ii) Quality Craft's useful Patents.

44.  To the extent that U.S. Trademark Registration No. 3,930,484 describes the external shape of Alltrade's Toolbox, it describes the useful features of the Toolbox.

45.     Accordingly, the '484 Registration is invalid for being directed to subject matter that is functional as a whole.

## Prosecution Of U.S. Trademark Registration No. 3,930,484

46.     During Quality Craft's prosecution of the '835 Patent, Quality Craft filed the patent application that resulted in the '835 patent with an original claim 1 (Exhibit E) reciting:

> *"A compact position lock tool box, comprising in combination, a case and cover pivotally connected by hinges said case comprising a pair of triangular side walls, a low front wall, a bottom wall and rear wall, and said cover resting in inclined position on an upper edge of said case."*

47.     An image of the tool box that is provided by the '835 patent as exemplifying the above language of initial claim 1 is provided here below.



48.     By filing with the USPTO the initial claim 1 in the '835 patent application (Exhibit E), Quality Craft made the necessarily implied assertion that the shape as described in claim 1 was functional, or useful. 35 U.S.C. § 101 (a patent claim must be new and useful).

16

49. The examiner rejected initial claim 1 as lacking <u>novelty</u> over the prior art, and did <u>not</u> reject the claim as being not useful or nonfunctional.

50. The shape described by the initial claim 1 is precisely the same shape that Quality Craft now asserts as being U.S. Trademark Registration No. 3,930,484.

51. During prosecution of the '484 Registration (Office Action dated March 25, 2010, see Exhibit F) the trademark examiner expressly instructed the applicant to provide

> *"[a] written statement as to whether the applied-for mark is or has been the subject of a design or utility patent application, including expired patents and abandoned patent applications. Applicant must also provide copies of the patent and/or patent application documentation."*

and also

> *"the applicant is requested to submit complete copies of the patents, as well as any others that may be relevant."*

52. Thus, Quality Craft was under an express obligation to produce a copy of all patent application documentation under which Quality Craft had made assertions to the USPTO about the functionality of the claimed structures in order to gain allowance of its patent claims.

53. Quality Craft provided to the trademark examiner copies of four patents which were directed to wedge shaped toolboxes.

54. However, Quality Craft omitted to provide to the trademark examiner Exhibit E, and (at a minimum) any part of the file wrapper of the '835 patent, in which Quality Craft had previously made the necessarily implied assertion to the USPTO that the shape of the trademark being claimed was functional ("the Omission").

55.     On information and belief, Quality Craft was at all material times aware of its obligation to disclose Exhibit E to the USPTO.

56.     Moreover, during the prosecution of the '484 Registration, in a sworn declaration by the owner of Quality Craft, Vincent G. Koehn ("Mr. Koehn"), dated May 11, 2010, (Exhibit G) Mr. Koehn stated that "[t]he applied for mark itself is not and has not been the subject of a design or utility patent application."

57.     Mr. Koehn's declared assertion was false.

58.     On information and belief, Mr. Koehn knew that his assertion was false.

59.     But for Mr. Koehn's false assertion, the trademark examiner would not have allowed the '484 Registration to issue.

60.     But for the Omission, the trademark examiner would not have allowed the '484 Registration to issue.

61.     Quality Craft is today in the position that:

        (i)     it failed to obtain the initial utility patent claim 1 (set forth in Exhibit E) while prosecuting the application that led to the '835 utility patent in 1979; yet

        (ii)    it now seeks in this Court to obtain the same benefit of that unsuccessful initial utility patent claim in perpetuity—in the guise of the '484 Registration.

### FIRST COUNTERCLAIM
### Judgment of Trademark Invalidity – Functional Matter

62.     Alltrade hereby incorporates the allegations contained in the foregoing paragraphs following under the heading "Factual Background to Counterclaims" and further alleges as follows:

63.     To the extent that the '484 Registration covers the Toolbox, it denies Alltrade a shape that is essential to the use of its goods and affects the cost and/or quality of Alltrade's goods.

18

64.     Alltrade will be at a non-reputation-related disadvantage if it is precluded from using the configuration for its goods it has presently selected.

65.     Accordingly, U.S. Trademark Registration No. 3,930,484 is functional as a whole and is therefore not protectable under the Trademark Act, 15 U.S.C. § 1052(e)(5) and also under § 1115(b)(8) .

66.     Thus the Court should declare the invalidity of U.S. Trademark Registration No. 3,930,484.

## SECOND COUNTERCLAIM
### Cancellation of Registration – Unprotectable Subject Matter

67.     Alltrade hereby incorporates the allegations contained in the foregoing paragraphs following under the heading "Factual Background to Counterclaims" and further alleges as follows:

68.     Under 15 U.S.C. § 1119, in any action involving a registered mark, this Court may determine the right to registration and order the cancelation of registrations.

69.     The product design of the '484 Registration is functional as a whole and is not protectable as a trademark and/or trade dress.

70.     Thus the Court should declare cancelation of U.S. Trademark Registration No. 3,930,484.

## THIRD COUNTERCLAIM
### Judgment of Trademark Invalidity – Fraud

71.     Alltrade hereby incorporates the allegations contained in the foregoing paragraphs following under the heading "Factual Background to Counterclaims" and further alleges as follows:

72.     During prosecution of the '484 Registration, Quality Craft's owner, Mr. Koehn, submitted a false declaration in obtaining the '484 Registration, on information and belief, knowing the declaration to be false.

73.     But for Mr. Koehn's false assertion, the trademark examiner would not have allowed the '484 Registration to issue.

74.     During prosecution of the '484 Registration, Quality Craft omitted to disclose a portion of a patent application which it was under an obligation to disclose, on information and belief, knowing it was under an obligation so to disclose.

75.     But for the omission, the trademark examiner would not have allowed the '484 Registration to issue.

76.     Accordingly, the product design of U.S. Trademark Registration No. 3,930,484 was obtained fraudulently.

77.     Thus the Court should declare the invalidity of U.S. Trademark Registration No. 3,930,484 for fraud.

## FOURTH COUNTERCLAIM
### Cancellation of Registration – Fraud

78.     Alltrade hereby incorporates the allegations contained in the foregoing paragraphs following under the heading "Factual Background to Counterclaims" and further alleges as follows:

79.     Under 15 U.S.C. § 1119, in any action involving a registered mark, this Court may determine the right to registration and order the cancelation of registrations.

80.     The product design of U.S. Trademark Registration No. 3,930,484 was obtained fraudulently.

81.     Thus the Court should declare cancelation of U.S. Trademark Registration No. 3,930,484 under 15 U.S.C. §1119.

82.     The Court should award Alltrade damages for fraudulent registration of U.S. Trademark Registration No. 3,930,484 under 15 U.S.C. §1120.

## FIFTH COUNTERCLAIM
### Determination of Non-infringement

83.     Alltrade hereby incorporates the allegations contained in the foregoing paragraphs

following under the heading "Factual Background to Counterclaims" and further alleges as follows:

84.     To the extent that the '484 Registration describes the shape of the Alltrade Toolbox,

those parts of the Toolbox are functional.

85.     The remaining parts of the Alltrade Toolbox, not disclosed in the '484 Registration,

are substantially different from the shape disclosed in the '484 Registration, and there can be no risk

of confusion as to the source of the Toolbox.

86.     Accordingly, the Court should declare that the Alltrade Toolbox does not infringe

U.S. Trademark Registration No. 3,930,484.

## PRAYER FOR RELIEF

**WHEREFORE,** Alltrade prays that this Court enter judgment as follows:

A.     Determining and declaring that the external shape of the Mastergrip Toolbox, to the

extent that it is described by U.S. Trademark Registration No. 3,930,484, is functional and that U.S.

Trademark Registration No. 3,930,484 is therefore invalid as being not protectable under Section

2(e)(5) of the Trademark Act, 15 U.S.C. 1052(e)(5);

B.     Determining and declaring that U.S. Trademark Registration No. 3,930,484 was

fraudulently obtained;

C.     Determining and declaring that the Alltrade Toolbox does not infringe U.S.

Trademark Registration No. 3,930,484.

D.     An order canceling U.S. Trademark Registration No. 3,930,484 for being functional;

E.     An order canceling U.S. Trademark Registration No. 3,930,484 for being fraudulently

obtained;

F.    An order awarding Alltrade damages under 15 U.S.C. §1120 for fraudulently obtained U.S. Trademark Registration No. 3,930,484;

G.    A finding that this is an exceptional case;

H.    Granting Alltrade all monetary relief appropriate, including attorneys' fees and costs incurred in this action; and

I.    Granting Alltrade further relief, either in equity or at law, as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant demands a jury trial on all matters so triable.

Respectfully submitted,

s/ *Scott R. Brown*
Scott R. Brown, Missouri Bar No. 51733
  sbrown@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
913.647.9050  Fax: 913.647.9057

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On January 23, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Clinton G. Newton  cnewton@shb.com
Patrick Koncel  pkoncel@shb.com
John Davis Garretson  jgarretson@shb.com
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, Missouri 64108

s/ *Scott R. Brown*

22